1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   CHARAN M. HIGBEE  (SBN 148293)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
   Attorneys for Defendant
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA
7

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  (OAKLAND DIVISION)

12

13  DYNETTE LIGHT,                    )  CASE NO.:   CV08-02836 SBA
                                      )
14          Plaintiff,                )  **DEFENDANT LIFE INSURANCE**
                                      )  **COMPANY OF NORTH AMERICA'S**
15      v.                            )  **ANSWER TO COMPLAINT**
                                      )
16  CIGNA GROUP INSURANCE, LIFE       )
    INSURANCE COMPANY OF NORTH        )  Courtroom    :       3
17  AMERICA, and DOES 1 to 20, inclusive. )  Hon. Saundra B. Armstrong
                                      )
18          Defendants.               )
                                      )
19

20        Defendant Life Insurance Company of North America ("LINA") answers the Complaint filed

21  by plaintiff Dynette Light, on May 8, 2008 in the Superior Court of California, County of San Mateo,

22  ("the Complaint") as follows:

23                      **JURISDICTION**

24        1.    Plaintiff's claims in this action are governed by the provisions of the Employee

25  Retirement Income Security Act of 1974 ("ERISA").  Jurisdiction is proper in this Court based on 29

26  U.S.C. Section 1132(e)(1) and 28 U.S.C. Section 1331.

27

28  _____
                              1
    **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
    USDC NDCA Case #CV08-02836 SBA
    356357.1

## CAUSES OF ACTION

2.    Answering paragraph 1 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, denies each and ever allegation set forth in paragraph 1.

3.    Answering paragraph 2 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 2 for an answer to be made and, upon that ground, denies each and every allegation set forth in paragraph 2.

4.    Answering paragraph 3 of the Complaint, LINA admits, on information and belief, that plaintiff is a competent adult.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 3 for answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 3 of the Complaint.

5.    Answering paragraph 5 of the Complaint, LINA admits that defendant Cigna Group Insurance is not a natural person.  LINA denies that Cigna Group Insurance is a corporation.  LINA admits that it is a corporation.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 5 for answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

6.    Answering paragraph 6 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, denies each and every allegation set forth in paragraph 6.

7.    Answering paragraph 8 of the Complaint, LINA admits, on information and belief, that a substantial part of the alleged events or omissions giving rise to plaintiff's claim occurred within this judicial district.  LINA admits that this action properly was removed, from the Superior Court of California in and for the County of San Mateo, to this Court.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 8

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

1   for an answer to be made and, upon that ground, denies each and every remaining allegation set forth

2   in paragraph 8.

3       8.      Answering paragraph 10 of the Complaint, LINA states that it lacks sufficient

4   knowledge or information about the matters alleged in paragraph 10 for an answer to be made and,

5   upon that ground, denies each and every allegation set forth in paragraph 10.

6       9.      Answering the Attachment to the Complaint on page 4 of the Complaint and entitled

7   "First Cause of Action – Intentional Tort", LINA denies that it or defendant Cigna Group Insurance

8   was the legal (proximate) cause of any damages to plaintiff.  LINA denies that it or defendant Cigna

9   Group Insurance intentionally caused any damage to plaintiff on any date or at any place.  LINA

10  admits that it issued a Group Accident Policy, No. OK 826564, to Trustee of the Group Insurance

11  Trust for Employers in the Manufacturing Industry with an effective date of July 1, 2002 (hereinafter

12  "the Policy").  LINA admits that Tyco International (US) Inc. was an affiliate covered under the

13  Policy and that Tyco International (US) Inc. was a subscriber under the Policy.  LINA admits that

14  plaintiff's husband, David Light, was an employee of Tyco International (US) Inc. and was a covered

15  person under the Policy on or about September 18, 2006.  LINA admits that David Light died on or

16  about September 18, 2006 after a motor vehicle accident, and that plaintiff was the beneficiary as to

17  the accidental death coverage provided to David Light by the Policy.  LINA admits that plaintiff made

18  a claim for the accidental death benefit under the Policy in or about October of 2006.  LINA admits

19  that plaintiff's claim for the accidental death benefit under the Policy initially was denied, as stated in

20  letters dated April 5, 2007 and January 10, 2008.  LINA admits that, by letter dated March 31, 2008,

21  plaintiff's claim for the accidental death benefit under the Policy was approved.  LINA admits that the

22  terms and provisions of the Policy speak for themselves.  LINA denies that there was no basis in fact

23  or law to support the initial denials of plaintiff's claim for the accidental death benefit under the

24  Policy.  LINA denies that the decision to deny plaintiff's claim for the accidental death benefit under

25  the Policy was in bad faith.  Except as expressly admitted or denied, LINA states that it lacks

26  sufficient knowledge or information about the matters alleged in the Attachment to the Complaint, on

27

28
___

3

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

1  page 4 of the Complaint and entitled "First Cause of Action – Intentional Tort", for an answer to be

2  made and, upon that ground, denies each and every remaining allegation set forth therein.

3      10.     Answering the Attachment to the Complaint on page 5 of the Complaint and entitled

4  "First Cause of Action – Intentional Tort", LINA admits that LINA, including its agents and

5  employees, did not interview any witnesses to David Light's activities in the days preceding his death.

6  Except as expressly admitted or denied, LINA denies each and every remaining allegation set forth in

7  the Attachment to the Complaint on page 5 of the Complaint and entitled "First Cause of Action –

8  Intentional Tort."

9      11.     Answering the Attachment to the Complaint on page 6 of the Complaint and entitled

10  "First Cause of Action – Intentional Tort", LINA admits that California law speaks for itself and that

11  the terms and provisions of the Policy speak for themselves.  Except as expressly admitted or denied,

12  LINA denies each and every remaining allegation set forth in the Attachment to the Complaint on

13  page 6 of the Complaint and entitled "First Cause of Action – Intentional Tort."

14      12.     Answering paragraph 11 of the Complaint, LINA denies each and every allegation set

15  forth in paragraph 11.

16      13.     Answering paragraph 13 of the Complaint, LINA admits that this Court has

17  jurisdiction over the claims set forth in the Complaint.  LINA denies that plaintiff is entitled to any

18  relief or damages based on the claims set forth in the Complaint.  Except as expressly admitted or

19  denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in

20  paragraph 13 for an answer to be made and, upon that ground, denies each and every remaining

21  allegations set forth in paragraph 13 of the Complaint.

22      14.     Answering paragraph 14 of the Complaint, LINA denies that plaintiff is entitled to the

23  relief requested in her prayer for judgment and/or her prayer for relief.  LINA denies that plaintiff is

24  entitled to judgment for costs of suit or any other relief.  LINA denies that plaintiff is entitled to

25  compensatory damages, punitive damages or to an amount of damages according to proof.  Except as

26

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

1  expressly admitted or denied, LINA denies each and every remaining allegation set forth in paragraph

2  14 of the Complaint.

3       15.    Answering the Attachment to the Complaint on page 7 of the Complaint and entitled

4  "Exemplary Damages Attachment", LINA denies each and every allegation set forth therein.  LINA

5  also incorporates by reference, as though fully set forth here, its answers to plaintiff's Complaint set

6  forth above in paragraphs 1 through 14 of this Answer.

7  **AFFIRMATIVE DEFENSES**

8       16.    As a first affirmative defense, LINA alleges that neither the Complaint, nor any claim

9  for relief therein, state facts sufficient to state a claim against LINA.

10       17.    As a second affirmative defense, LINA alleges that the subject employee benefit plan

11  confers discretionary authority on LINA to interpret the terms of the Policy and/or the subject

12  employee benefit plan, to make factual findings, and to determine eligibility for benefits under the

13  Policy and/or the subject employee benefit plan.  Accordingly, the arbitrary and capricious standard

14  of review applies to the claim decision that is the subject of this action.

15       18.    As a third affirmative defense, LINA alleges that the claim decision (relating to

16  plaintiff's claim for benefits under the Policy) was not made in an arbitrary and/or capricious

17  manner.

18       19.    As a fourth affirmative defense, LINA alleges that the claim decision (including the

19  initial denials of plaintiff's claim for benefits under the Policy) was correct, proper and reasonable.

20       20.    As a fifth affirmative defense, LINA alleges that, by plaintiff's conduct or that of her

21  agents, plaintiff has waived, or is estopped to assert, every claim for relief against LINA set forth in

22  the Complaint.

23       21.    As a sixth affirmative defense, LINA alleges that the relief that plaintiff seeks in this

24  action is limited, governed and/or preempted by the provisions of ERISA.

25       22.    As a seventh affirmative defense, LINA alleges that all benefits due and owing to

26  plaintiff under the Policy have been paid to plaintiff.

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

23.     As an eighth affirmative defense, LINA alleges that each and every act or statement done or made by LINA, or by LINA's agents or employees, with reference to David Light, plaintiff or the Policy, was privileged as a good faith assertion of LINA's legal and contractual rights.

24.     As a ninth affirmative defense, LINA alleges that plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursuing some or all of the claims for relief alleged against LINA.

25.     As a tenth affirmative defense, LINA alleges that the Complaint, and each purported claim for relief set forth therein, is barred by the applicable statutes of limitations.

26.     As an eleventh affirmative defense, LINA alleges that it acted in good faith toward plaintiff in the handling of her claim and in every other aspect of its dealings with plaintiff.

27.     As a twelfth affirmative defense, LINA alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in the Complaint were proximately caused or contributed to by plaintiff's own comparative bad faith, negligence, or other fault.

28.     As a thirteenth affirmative defense, LINA denies that plaintiff has sustained any injury or damage by an act or omission by LINA and/or its employees and/or agents. However, if it is established that plaintiff suffered an injury or damage for which LINA is held liable, LINA alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff and/or David Light, or their agents or attorneys, and that those negligent or wrongful acts by plaintiff and/or David Light, or their agents or attorneys, eliminates or reduces any damages plaintiff can recover from LINA in this action.

29.     As a fourteenth affirmative defense, LINA alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the Complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than LINA, and for whom LINA is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages that plaintiff may recover from LINA in this action.

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

30.     As a fifteenth affirmative defense, LINA alleges, on information and belief, that plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claims should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

31.     As a sixteenth affirmative defense, LINA alleges that plaintiff has failed to allege, and has no facts to prove, under the clear and convincing evidence standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

32.     As a seventeenth affirmative defense, LINA alleges that plaintiff is not entitled to punitive damages, attorney's fees, or other damages pursuant to any of the claims for relief alleged in the Complaint.

33.     LINA reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, LINA prays for judgment as follows:

1.     That plaintiff take nothing by reason of her Complaint and that judgment be awarded in favor of defendant Life Insurance Company of North America;

2.     That defendant Life Insurance Company of North America be awarded its costs and expenses incurred in this action;

3.     That defendant Life Insurance Company of North America be awarded its attorney's fees incurred in this action; and

4.     That defendant Life Insurance Company of North America recover such other and further relief as the Court may deem just and proper.

Date:   June 10, 2008          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    /s/ Charan M. Higbee
        Adrienne C. Publicover
        Charan M. Higbee
        Attorneys for Defendant
        LIFE INSURANCE COMPANY OF NORTH AMERICA

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1

**CERTIFICATE OF SERVICE**
*Dynette Light v. CIGNA Group Insurance, et al.*
*USDC NDCA Case #*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 X : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

 ☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

 ☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

 ☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Tom Paoli, Esq.
PAOLI & GEERHART, LLP
785 Market Street, Suite 1150
San Francisco, CA 94103
Tel:    (415) 498-2101

*Attorneys for Plaintiff DYNETTE LIGHT*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **June 10, 2008** at San Francisco, California.

_____
Nancy Li

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-02836 SBA
356357.1